# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# CIVIL ACTION

| | | |
|---|---|---|
| MICHAEL SCIORE | : | |
|     Plaintiff | : | Case No.   2:21-cv-4403 |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| THAO TRAN   and | : | |
| KEVIN CHING | : | |
|     Defendants | : | |

Plaintiff, Michael Sciore, brings this action against Defendants, Thao Tran and Kevin Ching, alleging defamation and interference with business relationships.

## STATEMENT OF CASE

1. This is an action for recovery of damages and injunctive relief arising from blatant acts of defamation and tortious interference with existing and prospective contracts in connection with the persistent publishing of defamatory reviews by the Defendants on Yelp.com regarding Plaintiff.

2. The Defendants created, or caused to be created, reviews for the purpose of publishing false and defamatory statements (the "Defamatory Reviews"). The Defendants' Defamatory Reviews, upon information and belief, were viewed by thousands of visitors, and Plaintiff continues to feel the damaging effects of the Defendants' false statements.

3. As a result of Defendants' misconduct, Plaintiff has been and continues to be substantially and irreparably harmed.

## PARTIES

4. Plaintiff Michael Sciore is an entrepreneur who has built a well-respected business providing Spanish-language radio programming to the Southern New Jersey-Philadelphia metropolitan area. In addition to these business pursuits, Mr. Sciore opened and closed a restaurant, Ardiente, in Old City Philadelphia.

Mr. Sciore is domiciled at 14366 Charthouse Circle, Naples, FL 34114 and is a citizen of the State of Florida.

5. On information and belief, Defendant Thao Tran is domiciled at 626 Reed Street, Philadelphia, PA, 19147 and is a citizen of the Commonwealth of Pennsylvania.

6. On information and belief, Defendant Kevin Ching is domiciled at 1309 South Reese Street, Philadelphia, PA 19147 and is a citizen of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over the Defendants because they subjected themselves to this Court's jurisdiction by invoking the benefits and protections of this State in an attempt to cause harm within the State and upon information and belief reside within the State. The Defamatory Reviews specifically targeted and identified Plaintiff's former restaurant in this State and have caused injury within the State.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2).

## BACKGROUND COMMON TO ALL CLAIMS

10. Plaintiff Sciore operated a restaurant, Ardiente.

11. Mr. Sciore is a respected businessman and member of the Philadelphia and Southern New Jersey communities, particularly the Spanish-speaking communities. Mr. Sciore has a long history of success owning and running Spanish-language radio in these communities. Mr. Sciore opened, and recently closed, this restaurant in the Old City neighborhood of Philadelphia.

12. Ardiente was a Latin-Asian fusion restaurant which Mr. Sciore was forced to close.

13. Ardiente had a Yelp.com profile where diners or customers can post reviews. Ardiente's profile is located at:

- https://www.yelp.com/biz/ardiente-philadelphia

14. In the approximately two months it had been in business prior to the events underlying this Complaint, Ardiente had received stellar reviews on Yelp.com.

15. However, Plaintiff acknowledges that as with many restaurants, some customers will unfortunately find that their meals, drinks, or overall experience may not live up to their expectations.

16. While most of Plaintiff's customers have shared their opinions in a lawful and reasonable manner, some customers have chosen to voice false and defamatory accusations on Yelp, as described below.

## The Thao T. Defamatory Review

17. On or about July 12, 2018, Defendant Thao Tran, with the username "Thao T.," directed the authoring of a harassing and defamatory user review of Plaintiff on Yelp.com (formerly accessible to the public on the Internet at: https://www.yelp.com/biz/ardiente-philadelphia?hrid=rCJxg7ctsOTAzuLHN09KA&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct))  (the "Thao T. Defamatory Review").

18. Specifically, the Thao T. Defamatory Review stated as follows:

> **This place is terrible!! Not worth your money and certainly not worth your calories!!** Came here with a group of people and did not have a good experience at all. Their portion was very small and distasteful & definitely not filling. Honestly, you're better off ordering from your local chinese corner store. I don't understand the 5 star reviews on here because I've never had such a terrible experience; came here hungry, left still hungry lol. The best thing they had was when i ordered chicken tenders and fries for my daughter haha [Emphasis added].

19. The Thao T. Defamatory Review is false. Defendant Thao Tran directed the dissemination of the Thao T. Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiff.

20. The above statements are knowingly and materially false and were made to defame Plaintiff.

21. Upon information and belief, Defendant Thao Tran published the Thao T. Defamatory Review for the sole purpose of harming Plaintiff's reputation and causing him to lose revenue as the statements in the Thao T. Defamatory Review bear directly on Plaintiff's services, professional capabilities, business practices, and treatment of his clients— all key aspects of Plaintiff's business and factors that any diner considers before choosing where to eat.

22. The Thao T. Defamatory Review was intentionally written to falsely suggest Plaintiff served individual entrée portions to Defendant Thao Tran and his daughter, and that the food was not edible. The Thao T. Defamatory Review intentionally omitted/failed to disclose that Plaintiff provided the food to be served family style and portioned appropriately per an agreement between Plaintiff's restaurant and the host of the event.

23. Plaintiff provided the services and goods for which he was hired, namely a tasting menu for a private birthday party.

24. Accordingly, a reasonable reader would understand Thao T.'s Defamatory Review to mean Plaintiff did not provide the services and goods he was contracted to provide.

24. It is not possible that the allegations in the Thao T. Defamatory Review are true.

25. Accordingly, the Thao T. Defamatory Review is undeniably false.

## The Kevin C. Defamatory Review

26. On or about July 15, 2018, Defendant Kevin Ching, with the username "Kevin C.," directed the authoring of a harassing and defamatory user review of Plaintiff on Yelp.com (formerly accessible to the public on the Internet at: https://www.yelp.com/biz/ardiente-philadelphia?hrid= PxNWCdqfON3rN6iuBZUg1g &utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source =(direct))  (the "Kevin C. Defamatory Review;" collectively with the Thao T. Defamatory Review, the "Defamatory Reviews").

27. Specifically, the Kevin C. Defamatory Review stated as follows:

> Had high expectations after perusing their menu and reading prior reviews beforehand. **However, not only was I disappointed but insulted by how our party was treated from the owner himself. Food itself was mediocre and too salty to be palatable.** Our first 5-6 courses of the tasting menu consisted of underwhelming veggie or carb dishes. The last two courses were supposed to be the short ribs and Cornish hen but they ran out after serving only a few morsels of each. **How this restaurant failed to prepare for this event with a month's notice** is beyond me and will steer clear from this place indefinitely. [Emphasis added].

28. The Kevin C. Defamatory Review is false. Defendant Kevin Ching directed the dissemination of the Kevin C. Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiff.

29. The above statements are knowingly and materially false and were made to defame Plaintiff.

30. Upon information and belief, Defendant Kevin Ching published the Kevin C. Defamatory Review for the sole purpose of harming Plaintiff's reputation and causing him to lose revenue as the statements in the Kevin C. Defamatory Review bear directly on Plaintiff's services, professional capabilities, business practices, and treatment of his clients— all key aspects of Plaintiff's business and factors that any diner considers before choosing where to eat.

31. It is not possible that the allegations in the Kevin C. Defamatory Review are true. Plaintiff provided the services and goods for which he was hired, namely a tasting menu for a private birthday party. The food provided was palatable and served family style and portioned appropriately per the agreement between Plaintiff's restaurant and the host of the event.

32. Further, contrary to the Kevin C. Defamatory Review, Plaintiff, the owner of Ardiente, treated the attendees of the event courteously and respectfully. Accordingly, the Kevin C. Defamatory Review is undeniably false.

## Damage to Plaintiff's Reputations and Business

33. Plaintiff had contractual relationships with his customers and vendors.

34. The Defendants scripted and caused to be disseminated the above statements in order to interfere with Plaintiff's contractual relationships with his customers and vendors, and upon information and belief, to injure Plaintiff's business by inducing

Plaintiff's customers and vendors and prospective diners to cease doing business with Plaintiff.

35. Since the appearance of the Defamatory Reviews, several customers have claimed to have read the reviews and have called or messaged to inquire about the truth of the false statements therein and, upon information and belief, cancelled scheduled appointments and events with Plaintiff as a result.

36. As a direct and proximate result of the Defendants' defamatory conduct described herein, a number of Plaintiff's customers and prospective customers have refused to patronize and/or continue to patronize Plaintiff's business.

37. The Defendants' campaign to defame and injure Plaintiff via the Defamatory Reviews has been a direct and proximate cause for Plaintiff's restaurant to close. This damage is in addition to the permanent and irreparable harm to Plaintiff's professional and personal reputation that the Defendants' defamatory conduct has caused (and will continue to cause unless enjoined).

## FIRST CAUSE OF ACTION
### [Defamation Per Se and Trade Libel]

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 as though fully set forth here.

39. The Defendants have intentionally made knowingly false statements of fact about Plaintiff via the Defamatory Reviews.

40. These statements were made maliciously and willfully and were intended to cause harm to Plaintiff's business and reputation.

41. The aforementioned statements were false when made and the Defendants knew or should have known that the statements were false when made.

42. These statements were made maliciously and willfully and were intended to cause harm to Plaintiff's personal and professional reputation. The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of the Plaintiff.

43. The aforementioned statements where made of and concerning Plaintiff and were so understood by those who read the Defendants' publication of them.

44. Among other statements, the Defendants falsely accused Plaintiff of, *inter alia*, not providing the services and goods Plaintiff was hired to provide.

45. The Defendants' false statements of fact tend to injure Plaintiff in his business trade and/or profession.

46. These statements were false and were published to third parties in this jurisdiction and across the Internet.

47. As a result of the Defendants' acts, Plaintiff has suffered irreparable damage to his reputation and further damages in the form of lost sales and profits, in an amount to be determined at trial.

48. As a result of the willful and malicious nature of the defamation, Plaintiff is entitled to punitive damages.

## SECOND CAUSE OF ACTION
### [Tortious Interference with Contractual Relations and Tortious Interference with Prospective Contractual Relations]

49. Plaintiff realleges and incorporates by reference Paragraphs 1 through 48 as though fully set forth here.

50. Plaintiff had existing contracts with Plaintiff's customers, vendors, and prospective diners and reasonably expected that its contractual relationships with same would continue into the future.

51. The Defendants knew of Plaintiff's contracts.

52. By the wrongful conduct described above, the Defendants internationally and improperly without justification or privilege interfered with Plaintiff's contracts with Plaintiff's customers, vendors, and prospective customers and did so with the intent and purpose of damaging Plaintiff's business and reputation.

53. The Defendants' interference caused Plaintiff's customers, vendors, and prospective customers confusion and caused same to cease doing business with Plaintiff.

54. As a result of the Defendants' actions, Plaintiff has been and will continue to be damaged in an amount to be determined at trial.

55. Plaintiff has also suffered and will continue to suffer irreparable harm in the form of damage to his reputation as a result of the Defendants' conduct described herein.

56. While an award of damages may be adequate to compensate Plaintiff for the loss of particular contracts or customers, an award of damages will not be adequate to compensate Plaintiff for the damage to his reputation caused by Defendants.

57. Plaintiff has suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants awarding Plaintiff:

1. a Permanent Injunction enjoining and restraining the Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with the Defendants, from disparaging or otherwise posting defamatory comments about Plaintiff;

2. an Order at the conclusion of the present matter directing the Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiff's reputation;

3. actual damages in an amount to be determined at trial, no less than the requisite jurisdictional amount in controversy for suit in this Court due to commercial defamation per se and trade libel, and an order directing the Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with the Defendants, to remove, delete, or otherwise disable such posts;

4. exemplary or punitive damages in an amount appropriate to punish the Defendants and to make an example of the Defendants to the community;

5. actual damages in an amount to be determined at trial, but in no event less than $500,000, or than the requisite jurisdictional amount in controversy for suit in this Court due to common law tortious interference;

6. attorney's fees and costs as permitted by law; and

7. such other relief as the Court deems just and equitable under the circumstances.

Respectfully Submitted:

**WOLF BALDWIN & ASSOCIATES PC**

/s/ Joshua D. Macel
Joshua D. Macel
PA Attorney ID No. 310507
800 E. High Street
Pottstown PA 19464
jmacel@wolfbaldwin.com
Tel: (610) 323-7436


**LEWIS & LIN, LLC**

/s/ David D. Lin
David D. Lin, Esq. (*pro hac vice forthcoming*)
Michael D. Cilento, Esq. (*pro hac vice forthcoming*)
77 Sands Street, 6th Floor
Brooklyn, NY 11201
David@iLawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Plaintiff*